United States District Court
District of Massachusetts

|  |  |
|---|---|
| Miguel Rivera, )<br>    )<br>    Petitioner, )<br>    )<br>  v. )<br>    )<br> Nelson Alves, )<br>    )<br>    Respondent. ) | Civil Action No.<br>23-10534-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before this Court is the motion (Docket No. 10) of respondent Nelson Alves ("Alves" or "respondent") to dismiss a petition for writ of habeas corpus brought by petitioner Miguel A. Rivera ("Rivera" or "petitioner"). For the reasons set forth by respondent in its memorandum of law (Docket No. 11) and unrebutted by petitioner, the motion will be allowed.

First, the limitations period for petitioner to file his habeas petition expired on August 12, 2020. Second, motions filed by petitioner in state court between July and October, 2022, did not toll the statute of limitations because it had already expired. Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)(remarking that motions for post-conviction relief "cannot revive a time period that has already expired" under 28

U.S.C. 2244(d)(2)). Third, judicial opinions decided subsequent to petitioner's conviction do not constitute "factual predicates" for the purposes of triggering the limitations period under 28 U.S.C. § 2244(d)(1)(D). Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012). Finally, petitioner is not entitled to equitable tolling because he has demonstrated neither diligence in pursuing his habeas claims nor extraordinary circumstances justifying his untimely filing. See id. at 62.

ORDER

For the foregoing reasons, respondent's motion to dismiss (Docket No. 10) is **ALLOWED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated November 12, 2024